IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORA DAVIS AND GARY DAVIS, W/H | CIVIL ACTION NO. 11-6405 |
| *Plaintiffs* | |
| vs. | |
| FRANKFORD STREET, LLC <br> -and- <br> CITY OF BETHLEHEM <br> -and- <br> NIMARIS CONSTRUCTION, L.P. | JURY TRIAL DEMANDED |
| *Defendants* | |

## AMENDED COMPLAINT

I. **PRELIMINARY STATEMENT**

1.  This is a claim against the Defendants, Frankford Street, LLC, City of Bethlehem, and Nimaris Construction, L.P. for various personal injuries caused to the Plaintiff, Lora Davis, by the negligent acts and/or omissions of the Defendants and their respective agents, servants, employees and/or other representatives. Plaintiff, Gary Davis, the lawful husband of Plaintiff Lora Davis, asserts a loss of consortium claim against the Defendants.

II. **PARTIES**

2.  At the time of the commencement of this suit, plaintiffs Lora Davis and Gary Davis, w/h, were adult individuals and citizens of the State of Delaware, residing therein at 2706 Boulevard Road, Apt. 202, Elsmer, DE 19805.

3.  Defendant, Frankford Street, LLC, was and is now a business entity, believed to be a limited liability company engaged in the business of real estate development and property management, duly organized and existing under the laws of the Commonwealth of Pennsylvania

with a principal place of business located therein at 2299 Brodhead Road, Suite B, Bethlehem, PA 18020.

4.	Defendant, City of Bethlehem, was and is now a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with government and municipal offices located at 10 East Church Street, Bethlehem, PA 18018.

5.	Defendant, Nimaris Construction, L.P., was and is now a business entity, believed to be a limited partnership engaged in the business of home construction, duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located therein at 6866 Chrisphalt Drive, Bath, PA 18014.

6.	At all times relevant hereto, the Defendants, and each of them, acted by and through their respective agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of one or more of the Defendants.

### III.	JURISDICTION AND VENUE

7.	Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

8.	The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

9.	Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the district, and because the Defendants reside in this district.

## IV. STATEMENT OF CLAIMS

10. At all times relevant hereto, Defendant Frankford Street, LLC, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with Defendant, owned, operated, controlled, possessed, leased, inspected, managed and/or maintained the residential property located at 110 W. Frankford Street, Bethlehem, PA 18018.

11. At all times relevant hereto, Defendant City of Bethlehem, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with Defendant, owned, operated, controlled, possessed, leased, inspected, managed and/or maintained the roadway located in front of the residential property located at 110 W. Frankford Street, Bethlehem, PA 18018.

12. On or about January 27, 2011, and for a long time prior thereto, it was the duty of the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the residential property and the adjacent roadway located at 110 W. Frankford Street, Bethlehem, PA 18018 in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Lora Davis.

13. In the spring of 2010, defendant Frankford Street LLC hired Nimaris Construction LP to perform renovations to the sidewalk and front entrance area of 110 W. Frankford Street.

14. During said renovations during the spring of 2010, Nimaris Construction, LP, by and through its employees, servants, workers and agents acting within the course and scope of their agency and/or employment, damaged the surface of the roadway in front of 110 W. Frankford Street, causing the creation of a deep pothole.

15. Despite the continued existence of said pothole for more than six months, defendants took no action to repair said defect, which continued to exist as of January 27, 2011.

16. On or about January 27, 2011, Plaintiff, Lora Davis, was walking to her automobile parked in the roadway adjacent to the aforesaid property located at 110 W. Frankford Street, Bethlehem, PA 18018 when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, the Plaintiff tripped and fell in the aforementioned pothole located in the roadway in front of 110 West Frankford Street, thereby causing her to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

17. The accident described in the preceding paragraphs of the within Complaint was caused by the Defendants' actions in creating said defect and in their failure to maintain proper and safe conditions of said roadway, which created an unreasonable tripping and/or fall hazard.

18. At all times relevant hereto, the Defendants knew or should have known of the unreasonable tripping and/or fall hazard described above.

19. Defendants' failure to properly and timely correct the above-referenced tripping and/or fall hazard created a dangerous and unreasonably hazardous condition, which caused Plaintiff's accident.

20. Similarly, Defendants further breached their duties to Plaintiff by, among other things, failing to warn individuals lawfully upon the property, such as Plaintiff, and visitors to the premises of the above-referenced tripping and/or fall hazard.

21. As a direct and proximate result of the Defendants' negligent acts and omissions, Plaintiff, Lora Davis, suffered severe and permanent injuries including, multiple fractures and injuries to her right foot and ankle requiring surgical repair and a tear of her right meniscus, as

well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

22. As a result of her injuries, Plaintiff has suffered extreme physical pain, discomfort and mental anguish, all of which is continuing and may continue in the future.

23. As a further result of the Defendants' negligent acts and omissions, Plaintiff was caused to undergo medical treatment and incur expenses in an effort to seek a cure to all or some of her injuries, and will continue to incur such losses in the future, all to her great detriment and loss.

24. As a further result of the Defendants' conduct, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning capacity, and she may incur such loss for an indefinite period in the future.

25. As a further result of the Defendants' conduct, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, all to her great detriment and loss.

26. The aforementioned accident and the injuries sustained by Plaintiff set forth above are the direct and proximate result of the negligent acts and omissions of the Defendants, acting by and through their respective trustees, directors, agents, servants, workmen, employees, and/or other representatives, who, at all times, were acting within the course and scope of their employment and authority with the Defendants.

27. The aforementioned accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendants, their trustees, directors, agents, servants,

workmen, employees and/or other representatives, and was in no way due to any act or failure to act on the part of the Plaintiff.

## COUNT I
## LORA DAVIS v. FRANKFORD STREET, LLC

28. Plaintiffs hereby incorporate by reference paragraphs 1 through 27 of the within Complaint as though the same were fully set forth at length herein.

29. Defendant, Frankford Street, LLC, through its employees, agents, servant, ostensible agent and independent contractor, created the aforementioned defect in the roadway in front of 110 W. Frankford Street.

30. Defendant knew or should have known of the aforementioned defect prior to January 27, 2011.

31. Defendant breached its duties to Plaintiff by creating and failing to repair said defect.

32. As a result of the aforesaid negligent acts and omissions of the Defendant, acting through its agents, servants, workmen, employees and/or other representatives, Plaintiff, Lora Davis, suffered the injuries, losses and damages set forth above.

WHEREFORE, Plaintiff, Lora Davis, demands judgment in her favor and against Defendant, Frankford Street, LLC, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

## COUNT II
## LORA DAVIS v. CITY OF BETHLEHEM

33. Plaintiffs hereby incorporate by reference paragraphs 1 through 32 of the within Complaint as though the same were fully set forth at length herein.

34. Defendant owed Plaintiff a duty of care, including a duty to maintain the roadway in a safe condition such that it would not be unreasonably dangerous to visitors such as Plaintiff.

35. Defendant breached its duties to Plaintiff by failing to maintain the roadway in a safe condition, as set forth above.

36. Defendant further breached its duties to Plaintiff by, among other things, failing to warn individuals lawfully upon the property, such as Plaintiff, and visitors to the premises of the above-referenced tripping and/or fall hazard.

37. Additionally, defendant did not repair the dangerous pothole which caused Plaintiff's fall until March 3, 2011, five weeks after Plaintiff's accident, despite its existence for approximately one year.

38. As a result of the aforesaid negligent acts and omissions of the defendant, acting through its agents, servants, workmen, employees and/or other representatives, Plaintiff, Lora Davis, suffered the injuries, losses and damages set forth above.

WHEREFORE, Plaintiff, Lora Davis, demands judgment in her favor and against defendant in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

## COUNT III
## LORA DAVIS v. NIMARIS CONSTRUCTION, L.P.

39. Plaintiffs hereby incorporate by reference paragraphs 1 through 38 of the within Complaint as though the same were fully set forth at length herein.

40. Defendant, Nimaris Construction, L.P., through its workers, employees, agents, servant, ostensible agent, created the aforementioned defect in the roadway in front of 110 W. Frankford Street.

41. Defendant knew or should have known of the aforementioned defect prior to January 27, 2011.

42. Defendant breached its duties to Plaintiff by creating and failing to repair said defect.

43. As a result of the aforesaid negligent acts and omissions of the Defendant, acting through its agents, servants, workmen, employees and/or other representatives, Plaintiff, Lora Davis, suffered the injuries, losses and damages set forth above.

WHEREFORE, Plaintiff, Lora Davis, demands judgment in her favor and against Defendant, Nimaris Construction, L.P., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

## COUNT IV
## GARY DAVIS v. ALL DEFENDANTS

44. Plaintiffs hereby incorporate by reference paragraphs 1 through 43 of the within Complaint as though the same were fully set forth at length herein.

45. As a further result of the incident described herein, Plaintiff, Gary Davis, has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff Lora Davis, to which he is legally entitled.

46. As a further result of the incident described herein, Plaintiff, Gary Davis, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered by reason of the Defendants' negligence,

and he may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Gary Davis, demands judgment in his favor and against Defendants, Frankford Street, LLC, City of Bethlehem, and Nimaris Construction, L.P., in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, as well as any such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand trial by jury.

Respectfully,

SWARTZ CULLETON PC

BY: *Christopher Culleton*
Christopher J. Culleton, Esquire
Identification No. 78487
Bryan M. Ferris, Esquire
Identification No. 93105
Attorneys for Plaintiffs,
Lora Davis and Gary Davis, w/h

Date: August 31, 2012